# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN MURPHY, | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS** |
| | ) **OF THE SECURITIES EXCHANGE** |
| MANDIANT, INC., KEVIN R. MANDIA, | ) **ACT OF 1934** |
| ENRIQUE SALEM, KIMBERLY ALEXY, | ) |
| SARA C. ANDREWS, RONALD E. F. CODD, | ) |
| ARTHUR W. COVIELLO, JR., ADRIAN | ) JURY TRIAL DEMAND |
| MCDERMOTT, VIRAL PATEL, and | ) |
| ROBERT E. SWITZ, | ) |
| | ) |
| Defendants. | ) |

Plaintiff John Murphy ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Mandiant, Inc. ("Mandiant" or the "Company") and Mandiant's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Google LLC through its wholly-owned subsidiary Dupin Inc. (collectively "Google").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on April 28, 2022. The Proxy recommends that Mandiant stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Mandiant is acquired by Google. The Proposed Transaction was first

disclosed on March 8, 2022, when Mandiant and Google announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Google will acquire all of the outstanding shares of common stock of Mandiant for $23.00 per share (the "Merger Consideration"). The deal is valued at approximately $5.4 billion and is expected to close later in 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Mandiant management, as well as the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"), Mandiant's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Mandiant's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Mandiant's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Mandiant.

6. Defendant Mandiant is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 11951 Freedom

Drive, 6th Floor, Reston, VA 20190. Mandiant common stock trades on NASDAQ under the ticker symbol "MNDT."

7. Defendant Kevin R. Mandia has been CEO and a director of the Company since 2016.

8. Defendant Enrique Salem has been a director of the Company since 2013. Defendant Salem also serves as Chairman of the Board.

9. Defendant Kimberly Alexy has been a director of the Company since 2015.

10. Defendant Sara C. Andrews has been a director of the Company since 2020.

11. Defendant Ronald E. F. Codd has been a director of the Company since 2012. Defendant Codd will step down from the Board when his term expires later in 2022.

12. Defendant Arthur W. Coviello, Jr. has been a director of the Company since December 2020.

13. Defendant Adrian McDermott has been a director of the Company since 2019.

14. Defendant Viral Patel has been a director of the Company since December 2020.

15. Defendant Robert E. Switz has been a director of the Company since 2017.

16. Defendants Mandia, Salem, Alexy, Andrews, Codd, Coviello, McDermott, Patel, and Switz are collectively referred to herein as the "Board."

17. Nonparty Google LLC is a Delaware limited liability company. Google LLC is a subsidiary of Alphabet Inc., whose common stock trades on NASDAQ under the ticker symbol "GOOGL."

18. Nonparty Dupin Inc. is a Delaware corporation and is a wholly owned subsidiary of Google LLC.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

20.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

21.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Defendants are incorporated or transact business in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

**A. Background of the Company and the Proposed Transaction**

22.     Mandiant is a global cybersecurity company that provides solutions and services to organizations to prevent, investigate and remediate cyber-attacks on cloud and critical infrastructure environments, as well as on-premises. The Company offers software-as-a-service subscriptions to monitor for security threats. The Company also offers professional services to investigate, contain and remediate security incidents.

23.     On March 7, 2022, the Company entered into the Merger Agreement with Google.

24.     According to the press release issued on March 8, 2022 announcing the Proposed Transaction:

**Google to Acquire Mandiant**

*Acquisition to bring Google speed and scale to
Mandiant's unparalleled intelligence and expertise
– at a time when security has never been more important*

**RESTON, Va., March 8, 2022** – Mandiant, Inc. (NASDAQ: MNDT) today announced that it has entered into a definitive agreement to be acquired by Google LLC for $23.00 per share in an all-cash transaction valued at approximately $5.4 billion, inclusive of Mandiant's net cash. The offer price represents a 57% premium to the undisturbed 10-day trailing volume weighted average price as of February 7, 2022, the last full trading day prior to published market speculation regarding a potential sale of the Company. Upon the close of the acquisition, Mandiant will join Google Cloud.

For the past 18 years, Mandiant has delivered unparalleled frontline expertise and industry-leading threat intelligence. Mandiant's more than 600 consultants currently respond to thousands of security breaches each year. Paired with research from more than 300 intelligence analysts, these resulting insights are what power Mandiant's dynamic cyber defense solutions – delivered through the managed multi-vendor XDR platform, Mandiant Advantage.

Google Cloud has made security the cornerstone of its commitment to customers and users around the world – building cloud-native security into the foundation of its technology to block malware, phishing attempts and potential cyber attacks at scale. The Mandiant acquisition underscores Google Cloud's commitment to advancing its security offerings to better protect and advise customers across their on-premise and cloud environments.

The acquisition will complement Google Cloud's existing strengths in security. Together with Mandiant, Google Cloud will deliver an end-to-end security operations suite with even greater capabilities as well as advisory services helping customers address critical security challenges and stay protected at every stage of the security lifecycle.

"Cyber security is a mission, and we believe it's one of the most important of our generation. Google Cloud shares our mission-driven culture to bring security to every organization," said Kevin Mandia, CEO, Mandiant. "Together, we will deliver our expertise and intelligence at scale via the Mandiant Advantage SaaS platform, as part of the Google Cloud security portfolio. These efforts will help organizations to effectively, efficiently and continuously manage and configure their complex mix of security products."

"The Mandiant brand is synonymous with unmatched insights for organizations seeking to keep themselves secure in a constantly changing environment," said Thomas Kurian, CEO, Google Cloud. "This is an opportunity to deliver an end-to-

end security operations suite and extend one of the best consulting organizations in the world. Together we can make a profound impact in securing the cloud, accelerating the adoption of cloud computing, and ultimately make the world safer."

The acquisition is subject to customary closing conditions, including the receipt of Mandiant stockholder and regulatory approvals, and is expected to close later this year. Goldman Sachs & Co. LLC is acting as exclusive financial advisor, and Wilson Sonsini Goodrich & Rosati P.C. is acting as legal advisor to Mandiant. For more information, see Google Cloud's press release.

**B. The Materially Incomplete and Misleading Proxy**

25. On April 28, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

26. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Goldman Sachs's fairness opinion, Goldman Sachs reviewed "certain internal financial analyses and forecasts for Mandiant (including a schedule of expected net operating loss carryforwards by Mandiant), prepared by Mandiant management." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Mandiant's management provided to the Board and Goldman Sachs.

27. Notably, the Proxy fails to disclose Mandiant's change in deferred revenue and restructuring/one-time items underlying the calculation of unlevered free cash flow. The Proxy also fails to disclose the projections reviewed by the Board at the January 11, 2022 meeting. The

omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs' Financial Analyses*

28. With respect to the *Illustrative Discounted Cash Flow Analysis,* the Proxy fails to disclose the inputs and assumptions underlying the selection of discount rates of 9.25% to 11.25% and perpetuity growth rates of 2.0% to 4.0%. The Proxy also fails to disclose the calculated illustrative terminal values for Mandiant, as well as the terminal year estimate of free cash flow. The Proxy further fails to disclose the net debt of Mandiant as of December 31, 2021, including the amount of the liquidation preference of Mandiant's convertible preferred stock. In addition, the Proxy fails to disclose the number of fully diluted outstanding shares of Mandiant, including any shares underlying Mandiant's convertible preferred stock attributable to the portion of the value of the convertible preferred stock in excess of the liquidation preference. The Proxy also fails to disclose Mandiant's net operating losses.

29. With respect to the *Illustrative Present Value of Future Share Price Analysis,* the Proxy fails to disclose the implied enterprise value per share of Mandiant common stock as of December 31m 2025, the amount of Mandiant's forecasted net debt (including the amount of the liquidation preference of Mandiant's convertible preferred stock) as of December 31, 2025, and the number of projected year-end fully diluted shares of Mandiant common stock (including the number of any shares underlying Mandiant's convertible preferred stock attributable to the portion of the value of the convertible preferred stock in excess of the liquidation preference) for fiscal year 2025. The Proxy also fails to disclose the Company's cost of equity, as well as the inputs and assumptions underlying the selection of a discount rate of 9.5%. The Proxy further fails to disclose the calculated equity values for Mandiant for fiscal years 2022 through 2024, as well as the equity

7

value for fiscal year 2025.

30.     With respect to the *Selected Precedent Transactions Analysis*, the Proxy fails to disclose the transaction values for each selected transaction. The Proxy also fails to disclose Mandiant's net debt as of December 31, 2021, including the amount of the liquidation preference of the Company's convertible preferred stock. The Proxy further fails to disclose the number of fully diluted outstanding shares of Mandiant common stock, including the number of shares of common stock that underlie the Company's convertible preferred stock attributable to the portion of the value of the convertible preferred stock in excess of the liquidation preference.

31.     With respect to the *Premia Paid Analysis*, the Proxy fails to disclose the number of transactions reviewed for this analysis, as well as the enterprise values and acquisition premia for each selected transaction.

32.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

33.     In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

34.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the

material information referenced above and contains the incomplete and misleading information referenced above.

35. Further, the Proxy indicates that on March 7, 2022, Goldman Sachs reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Mandiant stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman Sachs's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

36. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

37. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38. Defendants have filed the Proxy with the SEC with the intention of soliciting Mandiant stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

39. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Mandiant, were

9

aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

40. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

41. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Mandiant shares and the financial analyses performed by Goldman Sachs in support of its fairness opinion.

42. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Goldman Sachs reviewed and discussed its financial analyses with the Board on March 7, 2022, and further states that the Board considered Goldman Sachs's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

43. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are

not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

44. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of Mandiant within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Mandiant and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was

reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

48.   In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

49.   By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50.   As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.   Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Mandiant stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 17, 2022

**OF COUNSEL:**

**ROWLEY LAW PLLC**
Shane T. Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514

**LONG LAW, LLC**

By  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*